UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTIN BARNES,

    Plaintiff,

v.                                                       Case No. 04-71288

UNITED HEALTHCARE INSURANCE,      HONORABLE AVERN COHN
COMPANY,

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING SUPPLEMENTAL FILINGS ON DEFENDANT'S REQUEST FOR SANCTIONS[1]**

I.  Introduction

This is a breach of contract case regarding insurance coverage. Plaintiff Kristin Barnes is suing defendant United Healthcare Insurance Company (UHIC) claiming breach of contract for failure to pay medical bills incurred as a result of an automobile accident. UHIC removed the case to federal court on the grounds that the policy under which Barnes claimed a right to payment is a healthcare plan governed by ERISA and based on diversity of citizenship.[2]

Before the Court is UHIC's motion for summary judgment and sanctions on the grounds that because a third party paid the medical bills at issue, UHIC is entitled to

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] Barnes is a citizen of Arizona. UHIC is a Connecticut corporation with its principal place of business in Connecticut. The amount in controversy exceeds $75,000.00 because Barns claimed benefits in excess of $120,000.00.

judgment. UHIC also requests sanctions because Barnes knew of the payment during the pendency of the case but never informed UHIC. For the reasons that follow, the motion is GRANTED. UHIC's request for sanctions is deferred until the parties file supplemental papers.

## II.  Background

On August 13, 2003, Barnes, a college student and citizen of Arizona, was injured in an automobile accident in Canton Township, Michigan. Barnes was taken to St. Joseph Mercy Hospital in Ann Arbor, Michigan. The automobile involved in the accident was owned by Julie A. Getkin of Brighton and insured under a no-fault policy by the Automobile Club Insurance Association (ACIA).

At the time of the accident, Barnes was a named insured under a policy of health insurance from UHIC. Specifically, Barnes was a beneficiary of a health insurance policy sponsored by her step-father's, David Farney, employer, Harold Hyams & Associates. Barnes was also a named insured under a policy of automobile insurance from American Family Insurance (AFI).

St. Joseph forwarded billing files to ACIA, which began payment. However, in January 2004, ACIA determined that AFI should assume payment.

Although Barnes states in her complaint that "after January 2004, claims on behalf of [Barnes] were submitted to both AFI and to [UHIC]," complaint at p.3, this is not entirely accurate. Barnes never submitted a formal claim to UHIC. However, on March 1, 2004, Barnes filed suit in state court against UHIC claiming breach of contract.

On March 11, 2004, Barnes' step-father, Farney, an attorney, wrote to AFI advising that he would be representing Barnes and that "I have directed St. Joseph

2

Hospital to re-bill my healthcare insurance United Healthcare for the hospitalization portion of the bill at this time" and advising that AFI "is also liable to pay these benefits." Farney also advised that any payments were to be made directly to his office, not to any providers.

On March 18, 2004, AFI issued a check for $197,405.50 to Farney, payable to St. Joseph. Barnes did not inform UHIC of the payment.

On April 6, 2004, UHIC removed the case to federal court.

On August 6, 2004, Farney wrote to UHIC's counsel advising that he had spoken with St. Joseph Hospital and informed it to bill UHIC. He also advised that St. Joseph learned that in May 2004, UHIC had denied the benefits as not being timely submitted. Also attached to the letter were attached itemized billings from St. Joseph which approached $200,000.00. These attachments are not in the record.

In late January 2005, UHIC's counsel received a phone call from Farney and Barnes' local counsel regarding settlement. During that conversation, Barnes' counsel indicated their belief that the St. Joseph bill could be negotiated down to approximately one-half of the $194,000.00 that St. Joseph claimed it was owed. Counsel for UHIC stated that it would have to speak to the client. On January 24, 2005[3] Barnes' local counsel sent a letter to UHIC's counsel confirming that a settlement had been reached for the amount of $85,000.00. On January 2, 2005, counsel for UHIC wrote to Barnes' local counsel stating that no settlement had been reached. Barnes' local counsel faxed the letter back to counsel for UHIC with a handwritten notation "I agree" as to the statement that no settlement had been reached. On February 5, 2005, UHIC

[3]The letter is mistakenly dated January 24, 2004.

responded to the settlement demand. Presumably, it rejected such an offer; this letter is not in the record. Farney, for Barnes, responded on March 14, 2005; this letter is not in the record.

On February 15, 2005, UHIC's counsel was contacted by St. Joseph outside counsel who informed him he believed that in March 2004 a check in the amount of $197,405.50 made payable to St. Joseph was sent to Farney. This letter is not in the record. This appears to be the first time UHIC was made aware of any payment.

In a letter dated April 22, 2005 counsel for St. Joseph wrote to counsel for UHIC, stating:

> I don't know where you stand with respect to the United Healthcare- David Farney matter. However, as far as St. Joseph Mercy Hospital System is concerned, our client has been paid in full and all issues with Mr. Farney and his step-daughter are now resolved.

On May 24, 2005, the Court held a status conference at which time it set a briefing schedule for dispositive motions.

On June 27, 2005, UHIC filed the instant motion.

### III.  Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for

trial." Fed. R. Civ. P. 56(e).  Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.  Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings.  Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law."  In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52).  The Court "must view the evidence in the light most favorable to the non-moving party."  Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).  Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact.  See Anderson, 477 U.S. at 255.  Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

## IV.  Analysis

UHIC's motion for summary judgment is premised entirely on the fact that the medical bills at issue were paid in full by insurance company, AFI, and therefore Barnes

has no claim against it as a matter of law.  UHIC's request for sanctions is based on the assertion that Barnes' counsel knew in March of 2004, prior to removal of the case, that AFI had tendered payment for the medical bills in question.  Despite this fact, Barnes' counsel entered into settlement negotiations with UHIC which UHIC sees as nothing more than an attempt to obtain a double recovery and/or a windfall.

Barnes' response contains no attachments[4] and is filled with law and argument regarding Michigan's no-fault scheme, coordination of benefit provisions, ERISA preemption, primary versus secondary insurance coverage, and Barnes' right to seek benefits from both AFI and UHIC.  Quite surprisingly, Barnes concludes with the statement that the Court should "grant its motion for summary disposition and compel [UHIC] to pay hospital billings and related medical costs related to [Barnes'] injuries pursuant to both [UHIC's] contract for insurance and the Michigan No-Fault Act." Putting aside the fact that Barnes has not filed a motion for summary judgment, none of Barnes' many legal arguments address the issue presented in the UHIC motion.  That is, whether full payment of the medical bills at issue by AFI essentially moots her claim against UHIC.  Barnes also fails to address the failure to inform UHIC that AFI sent a check to Farney in the full amount of outstanding bills payable to St. Joseph.  This check was issued only 17 days after Barnes filed suit.  According to UHIC, Barnes apparently did not tender the check to St. Joseph until nearly a year later.

The issues raised in Barnes' response are not issues before the Court.  Whether or not AFI properly paid the medical bills at issue or whether UHIC was obligated to pay are issues between AFI and UHIC.  Indeed, most of the case law Barnes cites involve

---

[4]Neither party lodged with the Court a copy of the UHIC policy.

6

disputes between an ERISA health insurer and an automobile insurance carrier regarding responsibility for the payment of medical bills incurred as a result of an automobile accident. While Barnes certainly had a right to seek payment from both UHIC and AFI, Barnes' continued attempts to extract payment from UHIC after AFI tendered a check appear nothing short of an attempt to obtain double recovery or a windfall for Barnes, a result specifically at odds with Michigan's no-fault scheme. See ACIA v. Frederick & Herrud, 443 Mich. 358 (1993).

As to UHIC's request for attorney fees under ERISA and for Rule 11 sanctions, although the Court typically does not consider such requests, this case is an exception. UHIC has not provided any records of its fees and expenses incurred to date. Until such time as UHIC furnishes such information, and Barnes responds, the Court cannot meaningfully consider the request. Accordingly, UHIC shall file a supplemental paper within 10 days detailing its fees and expenses. Barnes shall have 10 days thereafter to file a response. UHIC may file a reply 5 days thereafter. Upon receipt of the parties' papers, the Court will either schedule the matter for hearing or decide the issue on the papers before it.

SO ORDERED.

Dated: July 27, 2005

 s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 27, 2005, by electronic and/or ordinary mail.

 s/Julie Owens  
Case Manager, (313) 234-516

7