UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTIN BARNES,

    Plaintiff,

v.                                                                        Case No. 04-71288

UNITED HEALTHCARE INSURANCE,                  HONORABLE AVERN COHN
COMPANY,

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S REQUEST FOR ATTORNEY FEES AND
GRANTING DEFENDANT'S REQUEST FOR RULE 11 SANCTIONS**

I.  Introduction

This is a breach of contract case regarding insurance coverage.  Plaintiff Kristin Barnes sued defendant United Healthcare Insurance Company (UHIC) claiming breach of contract for failure to pay medical bills incurred as a result of an automobile accident. UHIC removed the case to federal court on the grounds that the policy under which Barnes claimed a right to payment is a healthcare plan governed by ERISA and based on diversity of citizenship.

UHIC's filed a motion for summary judgment and sanctions on the grounds that because a third party paid the medical bills at issue, UHIC is entitled to judgment.  UHIC requested attorney fees and sanctions because Barnes knew of the payment during the pendency of the case but did not inform UHIC.  The Court granted UHIC's motion for summary judgment and deferred the request for attorney fees and sanctions until UHIC filed supplemental papers with regard to the amount of attorney fees requested.  The

supplemental papers have been received.  The matter is ready for decision.  For the reasons that follow, UHIC's request for attorney fees is DENIED and its request for Rule 11 sanctions is GRANTED.

## II.  Analysis

### A.  Attorney Fees under ERISA

The parties agree that under 29 U.S.C. § 1132(g)(1), the district court has discretion to order reasonable attorney fees and costs to either party in an ERISA action.  In deciding whether an award of fees is appropriate, the Court evaluates the following five factors:

>  (1) the degree of the opposing party's culpability or bad faith;
>  (2) the opposing party's ability to satisfy a fee award;
>  (3) the deterrent effect of a fee award on others under similar circumstances;
>  (4) whether the party requesting the fee sought to confer a common benefit on all ERISA plan participants and beneficiaries or sought to resolve a significant legal question regarding ERISA; and
>  (5) the relative merits of the parties' positions.

See Krupp v. Metropolitan Life ins. Co., 174 F. Supp. 2d 545, 548 (E.D. Mich. 2001) (citations omitted).  "No single factor is determinative. Rather, the Court considers each factor before exercising its discretion." Id. (citation omitted).

Application of the five factors leads to the conclusion that attorney fees are not warranted.  As to the first factor, while Barnes argues that the case was "prosecuted in an area of undefined law" - it is clear that Michigan's no-fault scheme does not allow for double recovery.  See ACIA v. Frederick & Herrud, 443 Mich. 358 (1993).  Moreover, it is undisputed that shortly after the case was filed, Barnes received a check from her other insurer for the full amount of the medical bills at issue; Barnes never communicated this fact to UHIC.  Under these circumstances, this factor favors an award of attorney fees.  However, as explained below, this factor goes more to the

2

award of sanctions.

The second factor, however, does not weigh in favor of an award of attorney fees. Barnes suffered severe and permanent injuries and, according to her papers, she is unable to work and depends on her parents for support. The Court finds this significant, as Barnes for all practical purposes, is not collectible.

The third factor does not favor an award of attorney fees. It is unclear whether a similar case will arise or that an award of attorney fees would have a deterrent effect.

The forth factor does not weigh in favor of attorney fees as Barnes was not seeking to confer a common benefit or resolve a significant legal question under ERISA.

The fifth factor, like the first factor, weighs in favor of an award of attorney fees. Barne's counsel's conduct in seeking double recovery under the circumstances was simply not well grounded in law. However, this factor also goes towards an award of sanctions.

Overall, application of the above factors does not weigh in favor of an award of attorney fees. Given Barnes' inability to satisfy an award and the fact that it is difficult to determine whether Barnes was personally responsible for the filing of this case or whether it was pursued at the direction of her father, who is also an attorney, the Court is satisfied that an award of attorney fees and costs under ERISA is not appropriate.

## B. Rule 11 Sanctions

Fed. R. Civ. P. 11 provides in relevant part:

(b) Representations to the Court. By presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

    circumstances,--
        (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
        (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
        (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery
    (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Rule 11 sanctions are warranted if the attorney's conduct was unreasonable under the circumstances. <u>Ridder v. City of Springfield</u>, 109 F.3d 288, 293 (6th Cir. 1997). As stated above and as stated in the order granting UHIC's motion for summary judgment, this case had no merit and Barnes' counsel's failure to disclose the full payment of the medical bills at issue by another insurer was an improper attempt at double recovery. This was unreasonable conduct in the Court's view. Under these circumstances, the Court finds that Rule 11 sanctions against Barnes' counsel, Gregory J. Rohl and David R. Farney,[1] jointly and severally, in the amount of Five Thousand Dollars ($5000.00) is appropriate.

    SO ORDERED.

                                                              s/Avern Cohn
                                                              AVERN COHN
Dated: November 4, 2005                UNITED STATES DISTRICT JUDGE
    Detroit, Michigan

---

[1] Although Mr. Farney has not filed an appearance in this case, his name appears on all of the papers. Moreover, Mr. Farney's signature appears on Barnes' response to UHIC's request for attorney fees and sanctions, filed September 7, 2005.

4